**FILED**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

MAR 2 0 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| **JAVIER ERAZO TORO,** *Plaintiff,* | § § § |
| v. | § § |
| **KRISTI NOEM, et al.** *Defendants.* | § Case No.: **DR:26-CV-00019-EG** § § § |

## ORDER ON MOTION FOR STAY AND ORDER OF DISMISSAL IN PART

Before the Court is Plaintiff Javier Erazo Toro's Emergency Motion for Temporary Restraining Order and Request for Administrative Stay of Removal (the "Motion"), ECF 4, filed on March 17, 2026. Upon review of the record and the applicable law, the Court **DENIES** the Motion in its entirety. Furthermore, the Court finds that it lacks subject-matter jurisdiction to adjudicate Plaintiff's claims with regard to Plaintiff's Form I-485 Application to Adjust Status ("Form I-485 Application"). Thus, the Court **DISMISSES IN PART WITHOUT PREJUDICE** the Complaint.

### I. BACKGROUND

The Motion arises from Plaintiff's Complaint, ECF 1, in which Plaintiff asserts claims under the Administrative Procedure Act ("APA") and the Mandamus Act for Defendants' alleged failure to timely adjudicate Plaintiff's three pending immigration applications with USCIS: (1) Form I-360 VAWA self-petition ("VAWA Petition"); (2) Form I-485 Application; and (3) Form I-914 Application for T Nonimmigrant Status ("T-visa Application"). (Pl. Mot. TRO, ECF No. 4). On February 10, 2026, USCIS issued a prima facie determination on Plaintiff's VAWA Petition, indicating that the petition appears facially sufficient and that Plaintiff may be eligible for relief. (*Id.* at 2).

1

Plaintiff is currently detained at the Val Verde Detention Center in Del Rio, Texas, in connection with a pending criminal case for Illegal Reentry, which was indicted on January 7, 2026. (*Id.* at 7). On December 12, 2025, immigration authorities issued a Warrant of Removal ordering Plaintiff to be removed from the United States and imposing a twenty-year bar on reentry. (*Id.*). Plaintiff alleges that removal prior to adjudication of his pending applications would prevent him from obtaining potential immigration relief available under federal law. (*Id.* at 10).

The Court construes the Motion as requesting two forms of injunctive relief. First, Plaintiff seeks an immediate ex parte stay of removal pending the Court's consideration of the Motion. (*Id.* at 11). Second, Plaintiff seeks a preliminary injunction prohibiting Defendants from executing Plaintiff's removal for the duration of this action. (*Id.*). For the reasons stated herein, the Court denies both requests.

## II. LEGAL STANDARD

A temporary restraining order ("TRO") is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Courts consider four factors when ruling on TRO applications requesting a discretionary stay of removal: "(1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest." *Ignacio v. INS*, 955 F.2d 295, 299 (5th Cir. 1992) (citing to *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)). Although all four factors are relevant to determining entitlement to a stay, "the first is arguably the most important." *Tesfamichael v. Gonzales*, 411 F.3d 169, 176 (5th Cir. 2005) (cleaned up).

2

# III. ANALYSIS

First, Plaintiff's request for a temporary restraining order fails at the threshold because he does not demonstrate a likelihood of success on the merits of his APA claim concerning his VAWA Petition and T-visa Application. Mandamus-Act relief is also likely to be unavailable because Plaintiff may seek the same relief under the APA that he seeks via the Mandamus Act. Finally, Plaintiff's claims with regard to his Form I-485 Application must be dismissed for lack of subject-matter jurisdiction..

## A. Administrative Procedure Act

The Administrative Procedure Act authorizes district courts to review agency actions made reviewable by statute and to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 704, 706(1). But such relief is limited and applies only where a plaintiff identifies a "discrete agency action that the agency is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). A court may compel action only when an agency has failed to comply with a "specific, unequivocal command" imposed by statute or regulation. *Fort Bend Cnty. v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 197 (5th Cir. 2023).

Additionally, the APA does not prevent an applicant's removal while preliminary determinations of status are pending. For example, in *Allaico Pacheco*, the plaintiff sought a stay of removal, arguing that USCIS unreasonably delayed a review of his T-visa application. *Allaico Pacheco v. Noem*, No. 5:25-CV-01856-MA, 2026 WL 475293, at *3 (W.D. Tex. Feb. 11, 2026). In denying plaintiff's request, the court emphasized USCIS's discretion over preliminary determinations of eligibility for legal status, adding that "nothing in the regulations governing [form I-485 applications] obligates USCIS to complete its preliminary review . . . before it can remove an applicant." *Id.* at *3. On the other hand, a district court in *Maldonado* granted a stay of

3

removal of a plaintiff whose U-visa application had proceeded beyond the preliminary stage and obtained a bona fide determination with deferred action.[1] *Maldonado v. Noem*, No. 4:25-CV-2541, 2025 WL 1593133, at *3 (S.D. Tex. June 5, 2025). In other words, where USCIS exercises its discretion in a manner that triggers an automatic regulatory stay of removal, the Department of Homeland Security ("DHS") no longer has discretion to remove the applicant; on the other hand, during preliminary review of applications, DHS maintains discretion to remove an applicant.

Plaintiff has neither demonstrated that USCIS unreasonably delayed review of his applications nor that USCIS's favorable prima facie determination on Plaintiff's VAWA Petition prevents Plaintiff's removal under the APA. Therefore, the Court finds that he has failed to show a likelihood of success on the merits of his APA claim.

### 1. Unreasonable Delay

A twenty-month wait is relatively brief in light of the processing times faced by comparable applicants during the relevant period, which range from approximately forty to forty-seven months.[2] Because Plaintiff filed his VAWA Petition in June 2024 and his Form T-visa Application in February 2025, neither application has been pending unreasonably longer than expected compared to other similarly situated applicants.

Furthermore, to the extent Plaintiff invokes the *Telecommunications Research & Action Center* ("TRAC") factors to establish unreasonable delay, that framework does not necessarily apply here. The Fifth Circuit has neither adopted the TRAC approach nor applied the TRAC

---

[1] Deferred action is an exercise of prosecutorial discretion by which the agency affirmatively declines to pursue removal against an otherwise deportable individual. *Texas v. United States*, 809 F.3d 134, 167 (5th Cir. 2015). A grant of deferred action signals that no removal proceedings will be initiated or continued, even where grounds for removal exist. *Id.*

[2] As of early 2024, USCIS reported an estimated processing time of 39.5 months for VAWA self-petitions. *Aina v. Mayorkas*, No. CV H-24-1006, 2024 WL 3070185, at *1 (S.D. Tex. June 20, 2024). That figure has since risen to approximately 47.5 months as of early 2026. *See* USCIS, *Case Processing Times*, https://egov.uscis.gov/processing-times/ (last visited Mar. 20, 2026).

analysis in adjudicating unreasonable-delay claims against USCIS. *See Cheejati v. Blinken*, 106 F.4th 388, 96 (5th Cir. 2024); *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 n.2 (5th Cir. May 12, 2023) (noting that "plaintiffs frame their analysis in terms of the so-called *TRAC* factors, . . . but this circuit has never adopted that multi-factor test.")); *but see Allaico Pacheco*, 2026 WL 475293, at *3–4 (utilizing TRAC factors to find USCIS did not unreasonably delay adjudication of T-visa application).

### 2. Plaintiff's Prima Facie Determination of Form I-360

With respect to Form I-360 specifically, Plaintiff's receipt of a prima facie determination does not entitle him to a stay of removal. While such a determination reflects a threshold showing of potential eligibility, the ultimate decision—and its timing—remain committed to USCIS discretion, placing the claim outside the bounds of APA compulsion. *Allaico Pacheco*, 2026 WL 475293, at *4. And unlike the bona fide determination and deferred action at issue in *Maldonado*, a prima facie determination does not trigger an automatic regulatory stay of removal that would limit USCIS's discretion.[3] Accordingly, Plaintiff's prima facie determination does not establish his likelihood of success on the merits.

### B. Mandamus Act

Under Title 28, Section 1361 of the United States Code, a district court is vested with original jurisdiction of any mandamus action to compel an officer or employee of the United States or "any agency thereof to perform a duty owed to the plaintiff." A claim for Mandamus-Act relief requires a showing that "(1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v.*

---

[3] While a grant of deferred action reflects an affirmative exercise of prosecutorial discretion to forgo removal, *supra note 1*, a prima facie determination does not signify approval of the underlying petition and, accordingly, does not confer protection from removal. (Pl. Compl., Ex. D).

*Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011). Such a duty must be "clear, ministerial, and non-discretionary," meaning courts may compel only "specific, unequivocal commands about which an official has no discretion." *Fort Bend Cnty.*, 59 F.4th at 197.

Even where a plaintiff establishes such a duty, however, mandamus remains an extraordinary remedy of last resort, available only when no other adequate means of obtaining relief exists. *Cheney v. U.S. Dist. Ct. For D.C.*, 542 U.S. 367, 380 (2004) (explaining that the no-adequate-remedy condition ensures mandamus will not be used as a substitute for the regular appeals process); *United States v. Denson*, 603 F.2d 1143, 1148 n.2 (5th Cir. 1979) (stating that the lack of a remedy by appeal is a prerequisite for mandamus relief); *Kerr v. U.S. Dist. Ct. for N.D. Cal.*, 426 U.S. 394, 402 (1976) (reserving mandamus for "extraordinary situations" where the right to relief is "clear and indisputable").

Here, mandamus relief is likely unavailable. Even assuming Plaintiff could establish a clear, nondiscretionary duty for USCIS to adjudicate his pending applications within a shorter timeframe, the APA provides an adequate alternative remedy, one Plaintiff himself invokes. Thus, Plaintiff has not shown a likelihood of success on his Mandamus-Act claim.

## C. Jurisdiction over Claims Arising from Plaintiff's Form I-485 Application

Claims seeking to compel USCIS to adjudicate Form I-485 applications fail for lack of jurisdiction because no discrete, required agency action exists mandating a decision within a particular timeframe. *Cheejati*, 106 F.4th at 394–396; *Li*, 2023 WL 3431237, at *1. The timing of those adjustment-of-status decisions is instead statutorily committed to the Attorney General's discretion. *Bian v. Clinton*, 605 F.3d 249, 252–53 (5th Cir. 2010), *vacated as moot on other grounds*, 2010 WL 3633770 (Sept. 16, 2010) (citing to 8 U.S.C. § 1255(a)). Accordingly, district courts lack jurisdiction to review APA and Mandamus-Act challenges to the manner and timing

of USCIS's adjudication of Form I-485 applications. *Cheejati*, 106 F.4th at 394–96 (citing 8 U.S.C. § 1252(a)(2)(B)(ii)). As a result, Plaintiff's APA and Mandamus-Act claims are dismissed only to the extent they seek relief regarding Plaintiff's Form I-485 application. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (stating that "sua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction.").

## IV. CONCLUSION

Plaintiff's pending applications are either statutorily committed to agency discretion and therefore fall outside the scope of this Court's jurisdiction, or the applications are so far being processed within timeframes typical for similarly situated applicants. Because Plaintiff does not show a likelihood in successfully claiming that Defendants have unlawfully withheld or unreasonably delayed agency action, Plaintiff is not entitled to a temporary restraining order staying his removal, and he is not entitled to a stay of his removal pending the resolution of this action. Moreover, his claims, as they relate to his Form I-485 Application, must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff Javier Erazo Toro's Emergency Motion for Temporary Restraining Order and Request for Administrative Stay of Removal, ECF 4, be **DENIED** in its entirety.

**IT IS FURTHERE ORDERED** that the Complaint, ECF 1, be **DISMISSED IN PART WITHOUT PREJUDICE** only to the extent the Complaint seeks relief arising from Plaintiff's Form I-485 application.

SIGNED, this 20ᵗʰ day of March 2026.

ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE